**HOFLAND & TOMSHECK**
Joshua Tomsheck, Esq.
Nevada State Bar No. 9210
jtomsheck@hoflandlaw.com
228 South Fourth Street, 1st Floor
Las Vegas, Nevada 89101
Telephone: (702) 895-6760
Facsimile: (702) 731-6910
Attorney for DEFENDANT

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:20-cr-00156-RFB-DJA-4 |
| Plaintiff, | |
| vs. | |
| | AMENDED MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE |
| SEBASTIAN OCADIZ-CASTRO, | |
| Defendant | |

COMES NOW Defendant, SEBASTIAN OCADIZ-CASTRO, by and through his attorney of record, Joshua Tomsheck of the law firm of Hofland & Tomsheck and hereby moves hereby moves this Court for an Order modifying conditions of pre-trial release.

/ / /

/ / /

/ / /

/ / /

/ / /

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Mr. Ocadiz-Castro is accused of one (1) Count of Conspiracy to Distribute a Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), and 846; one (1) Count of Conspiracy Dealing in Firearms Without a License, in violation of Title 18, United States Code, Section 371; two (2) Counts of Distribution of a Controlled Substance and Aiding and Abetting, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii), and Title 18, United States Code, Section 2; and one (1) Count of Distribution of a Controlled Substance and Aiding and Abetting, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and Title 18, United States Code, Section 2. There are also two forfeiture allegations against Mr. Ocadiz-Castro, Allegations 1 and Allegation 3. Mr. Ocadiz-Castro is one of thirteen defendants named in this matter.

An indictment was filed against Mr. Ocadiz-Castro on July 8, 2020. On July 15, 2020 Mr. Ocadiz-Castro was arraigned and a detention hearing was held. At the detention hearing, he was released on a personal recognizance bond and conditions were fashioned which would ensure the safety of the community and his appearance at future court hearings. Pursuant to this bond, Mr. Ocadiz-Castro was placed on certain conditions of pretrial release, fully detailed in Document 172 and including the following:

1. The defendant was placed into the custody of Giovanna Ocadiz-Castro, Maria Castro, and Juan Ocadiz
2. The defendant shall report to the United States Pretrial Services Office
3. The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer
4. The defendant shall not obtain a passport or passport card
5. The defendant's travelling is restricted to Clark County, Nevada
6. The defendant shall maintain residence at the address of a third-party custodian
7. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon

8. The defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. This includes Marijuana and/or any item containing THC
9. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance
10. The defendant shall participate in the Home Detention monitoring program and is thereby restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities preapproved by Pretrial Services or the supervising officer
11. The defendant shall submit to Global Positioning Satellite (GPS) monitoring
12. The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
13. The defendant shall have no contact with codefendants during the pendency of this litigation. Any such contact would have to be approved by the Pretrial Services Officer
14. The defendant shall have a ring monitoring device installed to his residence at all entry points with installation to be confirmed by Pretrial Services prior to release. The defendant must keep a log of all visitors coming and going to the residence which is to be submitted to pretrial services
15. The third-party custodian must accompany the defendant at all times and to all approved appointments

Since the time of this Court's Order regarding the conditions of pretrial release, Mr. Ocadiz-Castro has remained trouble free and has had no instances of violations of his conditions. Mr. Ocadiz-Castro has complied with all directives, including the submission to constant GPS monitoring and the requirement that he is accompanied by his third-party custodian at all times and to all approved appointments.

As this Court is aware, Mr. Ocadiz-Castro has lived his entire life in Las Vegas. He is a proud Durango High School alumnus and has been motivated by his entrepreneurial spirit to take steps towards opening his own car detailing business in January 2020, when he was just 19 years old. While other young adults may veer from a career path for any number of distractions, Mr. Ocadiz-Castro remained focused and accomplished business feats that

3

many more-established adults have been unable to do. These feats include applying for a personal loan, acquiring the requisite equipment for his business, managing promotional social media accounts, and building his clientele. Mr. Ocadiz-Castro filed for and received a Nevada State Business License on May 28, 2021 for his business, "Dr Sebbie Auto Detail, LLC." (*see* Exhibit "A"). Mr. Ocadiz-Castro demonstrated his entrepreneurship by selling his car for cash to invest into his business. Further, Mr. Ocadiz-Castro's passion for business dates back to his early teen years when he sold his collection of Air Jordan sneakers online. Additionally, prior to starting his own business, Mr. Ocadiz-Castro held steady employment as a server at both IHOP and Denny's since he was of the eligible age to work at the respective restaurants.

Simply put, Mr. Ocadiz-Castro wants to work. Ever since he was a teenager, Mr. Ocadiz-Castro has championed various obstacles in pursuit of his career aspirations. Not only did he maintain employment while finishing his high school diploma, he also overcame the setbacks presented by the COVID-19 pandemic to start his own business. This young man's demonstrated commitment to his future is frustrated by the pretrial conditions implemented in his bond. Mr. Ocadiz-Castro is currently unable to work because of his GPS monitoring and because his third-party custodian must accompany him everywhere. This inability to work not only poses substantial economic hardships to Mr. Ocadiz-Castro and his family, but also stifles the entrepreneurial resilience that is uncommon for a man his age.

## II.     LEGAL ARGUMENT

Pursuant to 18 U.S.C.A. § 3142(c), the conditions of pretrial release must be the "…least restrictive further condition, or combination of conditions … that will reasonably assure the

4

appearance of the person as required and the safety of any other person and the community." Bail conditions are unconstitutionally excessive if they impose restraints that are more than necessary to achieve the government's interest [,] ... preventing risk of flight and danger to society or children. *U.S. v. Karper*, 847 F. Supp.2d 350, 363 (N.D. N. Y. 2011) (citing *U.S. v. Poluzzi*, 697 F. Supp.2d 381, 386 (E.D. N.Y. 2010); *see* also *U.S. v. Arzberger*, 592 F. Supp.2d 590, 605 (citing *Stack v. Boyle*, 342 U.S. 1, 72 S. Ct. 1, 96 L.Ed. 3 (1951)). The mere fact that a person is charged with a crime does not "give rise to any interference that he is more likely than any other citizen to commit a crime . . ." *U.S. v. Scott,* 450 F.3d 863, 874 (9th Cir. 2006). The accused in this county are innocent until proven guilty. *Id.*

Here, Mr. Ocadiz-Castro has complied with the Order of this Court, including the imposition of a GPS Monitoring System and the requirement that his third-party custodian accompany him at all times. Of these, the GPS Monitoring System is by far the most restrictive and has consistently impacted his ability to have and maintain employment, thereby interfering with his ability to earn an income necessary to help support himself and his household. The GPS requirement is more restrictive than necessary to ensure Mr. Ocadiz-Castro's compliance with pretrial conditions and likelihood to appear in court. The current bail conditions would constrict Mr. Ocadiz-Castro from working until, at the earliest, his next court date in late September 2021. Instead, the removal of the GPS Monitoring System in favor of implementing a curfew would ensure Mr. Ocadiz-Castro's compliance with pretrial conditions without restricting his ability to work. The Undersigned Counsel has spoken with Mr. Ocadiz-Castro's Pretrial Services officer, Officer Emily McKillip. Officer McKillip *has no objection to these modifications*.

The conditions of Mr. Ocadiz-Castro's pretrial release which would remain in place should this request be granted are more than sufficient to safeguard against any purported risk to the community at large or risk of nonappearance. Mr. Ocadiz-Castro is not a flight risk and has all ties to Las Vegas. Further, Mr. Ocadiz-Castro has a remarkably supportive family who have demonstrated a commitment to complying with this Court's orders. Mr. Ocadiz-Castro has not violated any conditions of his pretrial release and will continue to be on his best behavior if given these two modifications. The conditions of his release requiring a GPS Monitoring System at all times and that his third-party custodian accompany him at all times are more restrictive than necessary to reasonably assure the appearance of Mr. Ocadiz-Castro and the safety of the community. Further, these restrictions also impact Mr. Ocadiz-Castro professionally. As such, Mr. Ocadiz-Castro respectfully requests (1) that the requirement that he submit to GPS Monitoring be removed in favor of an imposition of a curfew and (2) the requirement that a third-party custodian must accompany him at all times and to all approved appointments be removed pending trial and (3) that all other conditions of pretrial release remain.

/ / /

/ / /

/ / /

### III. Conclusion

In light of the foregoing facts, law, and analysis, Pretrial Services and for the reasons stated in Mr. Ocadiz-Castro's Motion for Review of Detention Order, Defendant Sebastian Ocadiz-Castro hereby requests that this Court remove the requirement for GPS Monitoring in favor of imposing a curfew and further remove the requirement for a third-party custodian to accompany Mr. Ocadiz-Castro at all times and to all approved appointments as set forth as conditions of his pretrial release.

Dated this 7th day of July, 2021.

**HOFLAND & TOMSHECK**

By: **/s/ J. Tomsheck**
Joshua Tomsheck, Esq.
Nevada State Bar No. 9210
josht@hoflandlaw.com
228 South Fourth Street, 1st Floor
Las Vegas, Nevada 89101
Telephone: (702) 895-6760
Facsimile: (702) 731-6910
Attorney for Defendant

**ORDER**

IT IS SO ORDERED.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

DATE: July 20, 2021.