FILED / ENTERED / RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 24, 2023

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                          DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:20-CR-156-RFB-DJA |
| Plaintiff, | **Preliminary Order of Forfeiture** |
| v. | |
| SEBASTIAN OCADIZ-CASTRO, | |
| Defendant. | |

This Court finds Sebastian Ocadiz-Castro pled guilty to Count One of a One-Count Superseding Criminal Information charging him with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Superseding Criminal Information, ECF No.332 Change of Plea, ECF No.341 Plea Agreement, ECF No.334

This Court finds Sebastian Ocadiz-Castro agreed to the imposition of the in personam criminal forfeiture money judgment of $3,300 set forth in the Plea Agreement and the Forfeiture Allegation of the Superseding Criminal Information. Superseding Criminal Information, ECF No.332 Change of Plea, ECF No.341 Plea Agreement, ECF No.334

The in personam criminal forfeiture money judgment is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 841(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or 21 U.S.C. § 846, conspiracy to commit such offense, (2) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841(a)(1) and 846, (3) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. §§ 841(a)(1) and 846, (4) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841(a)(1) and 846, all proceeds traceable to such an

exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841(a)(1) and 846 and is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1); 21 U.S.C. § 853(a)(2); 21 U.S.C. § 853(p); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).

This Court finds that Sebastian Ocadiz-Castro shall pay an in personam criminal forfeiture money judgment of $3,300 to the United States of America, not to be held jointly and severally liable with any codefendants and the collected money judgment amount between the codefendants is not to exceed an amount to be calculated pursuant to the forfeiture statutes in the Forfeiture Allegation of the Superseding Criminal Information and Fed. R. Crim. P. 32.2(b)(1) and 32.2(b)(2)(C).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment complies with *Honeycutt v. United States*, 137 S. Ct. 1626 (2017) and *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021).

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Sebastian Ocadiz-Castro an in personam criminal forfeiture money judgment of $3,300.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED 2/24/23, 2023.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE